**STATE, ex rel. THE 12501 SUPERIOR CORPORATION, Relator, v. EAST CLEVELAND (City) et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24608. Decided May 20, 1959.

178

Merkel, Campbell, Dill & Zetzer, for relator.

Stanley G. Webster, Director of Law, for respondents.

(DOYLE, PJ, STEVENS and HUNSICKER, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

This is an original action in mandamus, by The 12501 Superior Corporation, herein called "corporation," the operator of a coin-operated automatic laundry, against the City of East Cleveland and various officials thereof, herein called "city," wherein the corporation asks this court to order the city to issue a use permit free from any restrictions.

The corporation, on January 9, 1958, by letter to the Zoning Board of Appeals of East Cleveland, sought a permit to operate an "automatic Philco-Bendix laundry store, similar to others that are now in East Cleveland."

On January 28, 1958, the corporation, by letter, was "granted authority to establish an automatic laundry store on the premises known as 12501 Superior Avenue * * *." The laundry was then established, and operated seven days a week, 24 hours a day.

Thereafter, pursuant to complaints registered in writing by residents in the vicinity of 12501 Superior Avenue, East Cleveland, the city engineer of East Cleveland requested the Board of Zoning Appeals to review the application for an automatic laundry on the premises known as 12501 Superior Avenue.

A review of the application was had before the Board of Zoning Appeals, with representatives of the corporation present to present evidence in behalf of a full seven-day-a-week, 24-hour-a-day, operation. At the conclusion of this hearing, it was determined by the board that:

"* * * the appeal of the Cleaners Service Company for an automatic laundry store on the premises known as 12501 Superior Avenue, which is in a U-3 use district, be granted, providing all construction is in accordance with the plans showing proper ventilation and the plans conformed to the Building Code and further that, if the night operation becomes a nuisance to any of the people living in the neighborhood, the city will reconsider the appeal; that as a condition to this action of approval the store must at all times close at midnight Saturday and open no earlier than midnight Sunday."

An appeal by the corporation to the City Commission of East Cleveland resulted in the following conclusion by that body in sustaining the Board of Zoning Appeals:

"1. We find the applicant George Frieden, did not, in the original hearing, advise the Board of Zoning Appeals that a Sunday operation was contemplated. The operation was compared to existing operations in East Cleveland, which were closed on Sunday.

"2. It is our finding that the laundry being in operation 24 hours per day, six days a week, should provide ample time for servicing the neighborhood.

"3. Residents of the neighborhood have filed a protest against the Sunday operation and have indicated that they feel that Sunday operation is not desirable or necessary.

"4. To approve Sunday operation would condone a violation of the state Sunday closing law.

"5. Inasmuch as two other similar laundry operations in East Cleveland are closed on Sunday, it would be unfair and unjust to permit this laundry to be open on Sunday.

"6. This Sunday operation would be contrary to the best interests and welfare of the community."

The corporation having exhausted all of its procedural steps to secure a reversal of this latter conditional permit, and, having failed to obtain a nonlimited permit, thereupon filed this action, seeking to compel the issuance to it of a permit that would allow them to operate the automatic laundry seven days a week, and 24 hours a day.

In our discussion of the legal problems arising herein, we should first note that the zoning ordinance (Ordinance 4761, with its various amendments) does not provide for the operation of such a business within "Class U-3" (local retail stores), the district within which this automatic laundry is located.

The city zoning ordinance does provide (Section 12.000) for conditional uses; this section of the ordinance being as follows:

"A permit for a conditional use in any use district may be granted upon favorable action by the Board of Zoning Appeals and the City Commission in the manner hereinafter prescribed in Sections 38.100 to 39.300. Applications for conditional use permits shall be submitted to the Board of Zoning Appeals in writing. Such a permit for a particular use in a specific location shall be granted only in such cases and upon such conditions and restrictions as will assure that such use is in harmony with the general intent of the ordinance and will secure the general welfare and substantial justice in the promotion of the public health, comfort, convenience, morals, safety and general welfare of the City of East Cleveland."

The zoning ordinance herein was enacted as a result of the affirmative vote of the electors of East Cleveland, who, at a special election held for that purpose, adopted an amendment to the city charter of East Cleveland, authorizing such ordinance. This authorizing ordinance said, in part, that:

"Districting and Zoning shall include provisions to regulate, restrict and specify the locations of trades, industries, and apartment houses,

dwellings and other use of property, the number of square feet of lot area per family, the size of buildings or parts thereof, the location and size of side, front and rear yards, and the height of buildings; shall provide for the division of the city into use districts, height districts and area districts; shall provide for the alignment or setback of buildings and other structures; and shall provide maps showing said districts and structure alignment or setback."

The principal question we have to consider is, May a municipality, by means of a zoning ordinance, restrict the days of operation of a business, which business seeks to operate in a use district that does not provide for such business, and which business consequently may operate only as a result of a permit granted under authority of the ordinance?

It would not help us in this discussion to review the history of zoning. Mr. James Metzenbaum, in his work on the Law of Zoning, has reviewed such history at some length in Volume 1, Chapter 1, of the Second (1955) Edition. The validity of, desirability for, and the necessity of, zoning ordinances are now firmly established. Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 71 L. Ed. 303, 47 S. Ct. 114. The legal questions which do arise, however, bear particularly on the constitutionality of various provisions of zoning ordinances. It is in this sphere that the instant problem is placed.

The rule in determining the constitutional validity of municipal legislation is stated in **Stary v. City of Brooklyn, 162 Oh St 120, at page 134,** as follows:

"Legislation passed by the legislative body of a municipality can not be overthrown by the court unless such legislation is clearly arbitrary, unreasonable or unrelated to the public health, morals, safety or welfare. It is not for the courts to determine the wisdom of the legislation, but is constitutional validity, and a court will not substitute its judgment for that of the legislative body as to necessity for or wisdom of the legislation."

Drastic regulation of private business has been frequently held constitutionally valid. **Marmet v. State, 45 Oh St 63, 12 N. E. 463; Phillips v. State, 77 Oh St 214, 82 N. E. 1064; Sanning v. City of Cincinnati, 81 Oh St 142, 90 N. E. 125; Allion v. City of Toledo, 99 Oh St 416** (regulation by ordinance of weight of loaf of bread); **Leonard, Jr., v. State, 100 Oh St 456; Dunn v. State, 122 Oh St 431.**

The Sunday closing law, §3773.24 R. C., has been declared to ·be a valid, constitutional and enforcible enactment. **State v. Kidd, 167 Oh St 521.**

Thus, it is seen that occupations of various kinds are subject to reasonable regulation, where such regulation is adopted for the protection of the public health, safety, morals or general welfare.

It must be remembered, in the instant case, that the use of 12501 Superior Avenue for an automatic, coin-operated laundry business was not provided for by any regulation of the zoning ordinance. The short operation of such business, under the original permit, did not classify it as a nonconforming use. The use of these premises as a laundry was by permit issued pursuant to provisions of the ordinance.

A permit issued under the conditions found herein cannot establish a vested right to continue its operation, notwithstanding the desire of the city authorities to require it to conform to the closing regulations imposed upon other and similar permittees within the same use district.

The permit herein is in the nature of a special privilege. It is not a contract between the city and the corporation. It does not confer a vested, permanent or absolute right, but only a personal privilege, to be exercised subject to restrictions lawfully imposed.

Although we find no specific provision in the zoning ordinance for revocation of a conditional use permit, nevertheless, the City Commission, after hearing, may repeal any part of the ordinance after hearing had. There was a full hearing, in the instant case, on the subject of changing the permit to include a Sunday closing restriction.

The fact that the city did not include automatic, coin-operated laundry business within a class U-3 district is a matter of legislative policy, and is not a matter generally for judicial interference. **City of Euclid v. Lakeshore Co., 102 Oh Ap 96; State, ex rel Kangesser Co. v. Beachwood Village, 72 Abs 73.**

We have found no case directly in point, but other jurisdictions have spoken on matters related to the problem herein. See: "Legal and Administrative Aspects of Conditional Zoning Variances and Exceptions," by John W. Reps, 2 Syracuse Law Review 54.

In the case of Lough v. Zoning Bd. of Review of Town of North Providence, 74 R. I. 366, 60 A. 2d 839, it was determined that a zoning board, in passing on an application for an exception, is controlled by the language of the ordinance. In that case, a Sunday closing of a repair garage was deemed a proper protection of the public when a use permit was granted to operate a gas station and repair garage partly in a residence zone.

Provisions governing the granting of use permits are generally upheld if they are reasonable. 101 C. J. S., Zoning, Sec. 65, and authorities there cited; 58 Am. Jur., Zoning, Sec. 214, and authorities there cited.

In the case of **State, ex rel Snyder, v. Yoter, Bldg. Insp., 65 Oh Ap 492, 30 N. E. 2d 558,** the Ninth District Court of Appeals, two of the members thereof now sitting in the instant case, said, with respect to the granting of a building permit which the trial court had declared to be unreasonable, that a requirement that the building inspector issue a permit to build, if a new type of construction met the required safety standards given under the direction of the inspector, was a valid provision of the building code.

Certainly a provision in a permit which restricts the full use of property is not invalid when it has, as is the case of the instant permit, a reasonable relation to the public health, safety and welfare

We have discussed the problem herein solely from the standpoint of the reasonableness of the restriction and its validity. There are, however, equally cogent reasons why the writ prayed for herein should not be issued. To grant an unrestricted permit would, by inference, permit operation on Sunday, which is contrary to the statutes. In addi-

182

tion, to order the city to issue a permit for the purpose sought, in a district which does not provide for the business of the corporation, would be the exercise of the discretion vested in the city administration.

We also conclude that there is an adequate remedy at law by virtue of the Administrative Appeals Act, §2506.01 et seq, R. C., State, ex rel. Oliver, v. State Civil Service, etc., 168 Oh St 445.

We therefore determine that the writ asked for herein should be denied. The parties will prepare the proper journal entry in conformity with this opinion.

Writ denied.

DOYLE, PJ, STEVENS, J, concur.