207 A.2d 47.

ROMEO SAINI *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

FEBRUARY 15, 1965.

PRESENT: Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Warwick denying an application for an exception or variance permitting the applicants to erect a commercial building on a lot located on Warwick avenue in that city presently zoned in part for residential use and in part for general business use. The writ issued, and pursuant thereto the respondent board has certified the pertinent records to this court.

It appears therefrom that the applicants are the owners of lot 123 on assessor's plat 290 which, being irregular in shape, has a frontage on Warwick avenue of 50 feet and extends easterly for a distance of about 160 feet to Aborn street, having a frontage of 80 feet on the latter highway. The record discloses further that the portion of the lot that abuts on Warwick avenue is zoned for general business use but that the easterly portion thereof, which contains more than half of the total area, is zoned for residential uses. It further appears that a dwelling house is located on the portion of the lot zoned for business use and that no structure is located on the portion zoned for residential use.

The applicants allege that the dwelling house has deteriorated to a degree that would warrant its being razed and seek permission by way of a variance or an exception to erect a commercial building on the portion of the lot zoned for residential uses. The proposed building would house three retail shops or stores, and the portion of the lot zoned for business, which abuts on Warwick avenue, would be

used for off-street parking facilities. It is stated in the application that the division of the lot by the terms of the ordinance into two inconsistent use districts results in unnecessary hardship and warrants the grant of a variance. An exception is also sought by specific reference to sec. 14.2.4.2 of the ordinance which authorizes the grant of an exception for the "extension of a building or use into a more restricted district immediately adjacent thereto."

The board conducted a hearing on the application on May 26, 1964, in the course of which testimony was adduced in behalf of the applicants, which included the testimony of a real estate expert. Testimony was also received from objectors to the granting of either a variance or an exception. The record does not disclose that the board made an inspection of the premises or that, in denying the application, they acted pursuant to knowledge which they might have concerning the premises in question. Immediately following the hearing the board denied the application by enacting a resolution, which reads in pertinent part: "Whereas the Board feels that to grant this petition would be an encroachment into the residential area and would be contrary to the spirit of the ordinance, and Whereas the Board feels this would not be for the convenience and welfare of the general public; therefore, be it resolved that this petition be denied on those grounds."

We are persuaded after an examination of the board's decision that the variance in this case was denied for the same reason that the variance was denied in the recent case of *Kraemer* v. *Zoning Board of Review*, 98 R. I. 328, 201 A.2d 643. The board in that case denied an application on the ground that "it would not be in keeping with the spirit of the ordinance to allow a general business use in a Limited Business zone * * *." In the instant case a variance is denied not on a finding that a literal enforcement of the ordinance provision dividing the lot into two different use

districts does not result in unnecessary hardship, but on the ground that it would be "an encroachment into the residential area and would be contrary to the spirit of the ordinance * * *." Were we to assume without deciding that this would constitute a sufficient ground for denying a variance as violative of the spirit of the ordinance, the requisite hardship being shown, it is difficult to concede that in this record there is any legally competent evidence upon which the board reasonably could rest such a finding. See *Kelly* v. *Zoning Board of Review*, 94 R. I. 298, 180 A.2d 319.

It is our opinion, however, that in the circumstances of the instant case the application raises an issue that ordinarily requires a decision on the part of the board antecedent to a determination of the question of the applicant's entitlement to a variance. The applicants specifically seek an exception pursuant to sec. 14.2.4.2 of the ordinance. Section 14.2.4, in pertinent part, reads: "In appropriate cases and subject to appropriate conditions and safeguards that promote the general welfare of the city to make special exceptions to the terms of this ordinance in harmony with its general purpose and intent in the following cases * * *." The ordinance then lists several specific exceptions that may be granted subject to the conditions set forth above, included among which is sec. 14.2.4.2, which reads: "To grant extension of a building or use into a more restricted district immediately adjacent thereto."

Nowhere in the record does it appear that the board made any finding that a grant of this exception would not be in harmony with the purposes and intent of the ordinance or that it would be unable to formulate safeguards and conditions that would tend to promote the welfare of the city if this exception were granted. In fact, so far as the record discloses, this exception was not given consideration at all.

Yet, in our opinion, this is a classic situation for the grant of an exception if to do so would be in harmony with the

purpose and intent of the ordinance and the use can be regulated by appropriate safeguards and conditions. In *Buckminster* v. *Zoning Board of Review,* 69 R. I. 396, this court, in discussing the office of the exception, said at page 401: "The legislature therefore required * * * that every zoning ordinance shall provide for a board of review which may make special exceptions to the terms of the ordinance in harmony with its general purpose and intent. This mandatory requirement of the statute is in the nature of a safety valve which the legislature wisely provided in order that, in a proper case, the public interests and those of an owner of land might be fairly adjusted without undue disturbance to the general welfare."

In the instant ordinance the local legislature, acting under the enabling act, provided in sec. 14.2.4 for certain specific exceptions which, when they would be in harmony with the purpose and intent of the ordinance and the use be susceptible of regulation by appropriate safeguards and conditions, should be granted to relieve the land in question from unnecessary restriction in its use. It is clear on the face of the record here that the applicants' land, having been divided by the ordinance into two distinct use classifications, is within the purview of the exception provided for in sec. 14.2.4.2 and that a denial thereof must be deemed to have been arbitrary unless the board after consideration found that it could not appropriately regulate such a use by the imposition thereon of appropriate safeguards and conditions. The board did not comply with this obligation to determine whether such safeguards and conditions were available.

We are of the opinion that the record here establishes the applicants' entitlement to an exception under the provisions of sec. 14.2.4.2 and that its denial is arbitrary and an abuse of discretion unless the board finds on the basis of legally competent evidence appearing in the record that it is unable

to formulate and impose the appropriate safeguards and conditions. It is our conclusion then that the cause should be remanded to the board with direction that the exception provided for in the statute be granted subject to such safeguards and conditions as the board may deem necessary and appropriate in the circumstances.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are ordered returned to the board for further proceedings in accordance with this opinion.

*Donald P. Ryan, Frank W. Storti,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, of the City of Warwick, for respondent board.