JOSEPH ANASTASI *v.* ZONING COMMISSION OF THE CITY OF BRISTOL ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued April 4—decided May 24, 1972

*Maxwell Heiman,* with whom, on the brief, were *Thomas J. O'Donnell, Charles L. Furey, Theodore M. Donovan* and *William J. Eddy,* for the appellants (defendant David Friedman et al.).

*Kenneth J. Laska,* for the appellant (named defendant).

*Sherwood Anderson III,* with whom, on the brief, were *Frederick W. Beach, George T. Calder* and *Richard H. Alden,* for the appellee (plaintiff).

SHAPIRO, J. On May 24, 1968, the defendants David and Abraham Friedman, hereinafter called the applicants, filed an application with the defendant zoning commission of the city of Bristol seeking a special exception for the erection of a building on land located on the northerly side of Pine Street and to be used in whole or in part as a package store. Following a public hearing held on June 12, 1968, the commission unanimously voted to grant the application. The plaintiff appealed therefrom to the Court of Common Pleas which rendered judgment sustaining the appeal. The defendants have appealed from that judgment, assigning as error certain conclusions reached by the court, the failure of the court to reach certain conclusions, and in rendering judgment for the plaintiff.

The court's finding of facts is unattacked and included therein are these facts: The applicant filed an application for a special exception to permit the erection of a store for the sale of liquor for off-premises consumption. The proposed premises were to have off-street parking in front, rear and side with room for trucks to come off the street to unload, turn around and exit. On June 12, 1968, the com-

mission conducted a hearing on the application and on that date granted it. The commission gave as its reason for its decision: "[T]he situation in this particular application is entirely different from the previous one." The minutes of the previous application referred to at the hearing were not placed in the record of this case. Section 6A (4) of the Bristol zoning ordinances makes provisions for special exceptions.[1] Among the conclusions reached by the court and attacked by the defendants are the following: The commission did not have before it at the hearing sufficient evidence to justify granting the application; and that in granting the application, the commission acted arbitrarily, illegally and in abuse of the discretion vested in it.

We point out that the record before us is barren as to any prior application nor does anything appear that points to what was the difference "from

---

[1] "[Bristol Zoning Ordinances § 6A] 4. At a regularly called meeting, the Zoning Commission when, in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, after public notice and hearing and subject to appropriate conditions and safeguards, may grant a special exception from the requirements of this statement, by vote of not less than four members, in harmony with their general purposes and intent, so that substantial justice may be done, exercising such authority in a manner to secure the public health, safety and welfare.

"In granting special exceptions, the Zoning Commission shall do so in accordance with a comprehensive plan and shall take into consideration, among other things, the following factors: congestion in the streets; traffic hazards; the proximity of public schools; duly organized schools, other than public schools; churches; charitable institutions, whether supported by public or private funds; hospitals; libraries; public playgrounds and land and residences located in residential zones. Such special exceptions shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality."

the previous one." The appendix to the defendants' brief discloses that in behalf of the applicants the commission had before it only a statement by the attorney for the applicants, made at the hearing before the commission, describing the type of their proposed building; that they were tenants and wished to build their own store; that the location is near Accurate Brass and that there will be open space between the proposed building and Accurate Brass; that their present location is inadequate; that there would be off-street parking and provision made for truck unloading; that sidewalks will be built and traffic control will be improved; and that the new location is more remote (from the school). The record discloses the minutes of the meeting of the commission of June 12, 1968.[2]

The terms "special exception" and "special permit" hold the same legal import and can be used interchangeably. *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160. "In making a determination on a special permit, a zoning authority is to consider the standards provided in the zoning regulations themselves and the conditions necessary to protect the public health, safety, convenience and property values. See General Statutes § 8-2; *Powers* v. *Common Council,* 154 Conn. 156, 161, 222 A.2d 337; *Summ* v. *Zoning Commission,* 150 Conn. 79, 91, 186 A.2d 160." *Holt-Lock, Inc.* v. *Zoning & Planning Commission,* 161 Conn. 182, 190–91, 286 A.2d 299. "To justify the grant of the special permit, it must appear from the record before the commission that

---

[2] "Chairman Collins: Gentlemen: What is your pleasure? Commissioner Zebuski: I think the situation in this particular application is entirely different from the previous one. Therefore, I make a motion this be approved. Commissioner Duquette: I second the motion. Chairman Collins: A motion has been made and seconded. May we have a vote? It was an unanimous vote."

the manner in which the applicant proposes to use his property satisfies all conditions imposed by the regulations. *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211, 213, 120 A.2d 827." *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 246, 278 A.2d 766.

"Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court." *Willard* v. *Zoning Board of Appeals,* 152 Conn. 247, 248–49, 206 A.2d 110. We are unable to glean any facts from the record to sustain the commission's action. The trial court correctly concluded that the commission did not have before it sufficient evidence and did not state on the record sufficient reasons to support the granting of the application. The trial court was not in error in finding that in granting the application the commission acted arbitrarily, illegally and in abuse of its discretion.

The remaining assignments of error require no discussion.

There is no error.

In this opinion the other judges concurred.