**80**

STEPHEN C. GLENN, INC., a
Delaware corporation,
Plaintiff,

v.

SUSSEX COUNTY COUNCIL, the governing body of Sussex County, Delaware, a political subdivision of the State of Delaware, currently consisting of Ralph E. Benson, Charles W. Cole, W. Howard Workman, Oliver E. Hill and William D. Stevenson, Sr., individually and as members of County Council, Defendants.

Civ. A. No. 8382.

Court of Chancery of Delaware,
New Castle County.

Submitted: April 15, 1987.
Decided: July 22, 1987.

Richard J. Abrams, Richards, Layton & Finger, Wilmington, for plaintiff.

A. Dean Betts, Georgetown, for defendants.

HARTNETT, Vice Chancellor.

Plaintiff, a corporation, seeks to have set aside a special condition which the Sussex County Council imposed when Council granted it a conditional use permit to convert its lands into a mobile home park. Plaintiff sought to expand an existing mobile home park and the special condition requires plaintiff to erect a chain link fence separating the existing park and the new mobile home park from the lands of others. Plaintiff claims that the County Zoning Ordinance does not permit the imposition of a special condition that a fence be erected and that therefore such a requirement is arbitrary and capricious and must be set aside as a matter of law. In effect, plaintiff, as the beneficiary of the conditional use permit, does not challenge the granting of the conditional use but seeks to enjoy its benefits without erecting the fence.

I find that although a special condition, as a prerequisite to the granting of a conditional use permit may be imposed in appropriate circumstances, the present record is inadequate for me to ascertain if the circumstances here justified the requiring of a fence and this matter, therefore, must be returned to the County Council for a further hearing.

I

Article 9, Section 1, of the Sussex County Zoning Ordinance sets forth the reasons which permit the granting of a Conditional Use Permit. It states:

"The purpose of this Article is to provide for certain uses which cannot be well adjusted to their environment in particular locations with full protection offered to surrounding properties by rigid application of the district regulations. These uses are generally of a public or semipublic character and are essential and desirable for the general convenience and welfare, but because of the nature of the use, the importance of relationship to the Comprehensive Plan, and possible impact, not only on neighboring properties,

but on a large section of the county, require the exercise of planning judgment on location and site plan."

It is not disputed that the Sussex County Zoning Ordinance grants the Sussex County Council the power to impose certain conditions in granting a conditional use, but the Zoning Ordinance does not specifically permit the Council to impose a special condition that the recipient of a conditional use permit to operate a mobile home park erect a chain link fence. The only language in the Ordinance which relates to the type of boundaries surrounding a mobile home park is contained in Article 9 § 2(7). That subsection sets forth eleven criteria as being required for a trailer park or a mobile home park. One of the criteria—(f)—requires a "landscaped buffer strip of open space 50 feet wide along all boundaries". There is no mention of fencing.

Article 14, Section 12 of the Sussex County Zoning Ordinance does state, however: "In interpreting and applying the provisions of this Ordinance, they shall be held to be the minimum requirements for the promotion of the public safety, health, convenience, comfort, prosperity, or general welfare."

## II

As a general rule, the granting of a conditional use permit is discretionary and the zoning authority may grant a conditional use on stated special conditions as long as the conditions are reasonable and do not go beyond the terms of the Zoning Ordinance or the power of the zoning authority. 101A CJS *Zoning & Land Planning* § 197, § 238. The imposition of special conditions specifically permitted by the terms of a Zoning Ordinance in connection with the granting of the conditional use have uniformly been upheld, if they are not unreasonable. *Ellick v. Board of Supervisors of Worcester Twp.*, Pa.Cmwlth., 117 Pa. Cmwlth. 404, 333 A.2d 239 (1975); *Young Men and Women's Hebrew Association v. Borough Council of the Borough of Monroeville, et al.*, Pa.Supr., 429 Pa. 283, 240 A.2d 469 (1968); *Houdaille Construction Materials, Inc. v. Board of Adjustment of Tewksbury Twp., et al.*, N.J.Super.A.D., 92 N.J.Super. 293, 223 A.2d 210 (1966); *Anastasi v. Zoning Commission of the City of Bristol*, Conn.Supr., 163 Conn. 187, 302 A.2d 258 (1972).

A more difficult issue arises, however, when the zoning authority imposes, as part of the grant of a conditional use, a special condition which is not specifically provided for in the Zoning Ordinance.

Plaintiff asserts that the County Council could not impose a requirement that the conditional use permit granted to it require as a necessary prerequisite the erection of a fence because a fence is not specifically mentioned as being one of the criteria which can be imposed in the granting of a conditional use permit. It cites: *Stewart v. District of Columbia Board of Zoning Adjustment*, D.C.Ct.Apps., 305 A.2d 516 (1973); *Valve Oil Co. v. Town of Irvington*, N.J.Super., 152 N.J.Super. 354, 377 A.2d 1225 (1977), *aff'd.*, N.J.App.Div., 164 N.J.Super. 419, 396 A.2d 1149 (1978); *Baylis v. City of Baltimore*, Md.Ct.App., 219 Md. 164, 148 A.2d 429 (1959); *Rose v. Paape*, Md.Ct.App., 157 A.2d 618 (1960); *Board of County Comm. v. H. Manny Holtz, Inc.*, Md.Ct.App., 221 Md. 369, 501 A.2d 489 (1985). Three of these cases, *Baylis v. City*, *Rose v. Pappe*, and *Board of County Comm. v. Holtz*, however, indicate that, under certain circumstances, special conditions not specifically set forth in the enabling ordinance may be imposed.

Many other courts have held that the zoning authority may impose special conditions or restrictions as a prerequisite to the grant of a conditional use permit, even if the special condition being imposed is not specifically permitted in the enabling legislation, if the special conditions are reasonable, in that they bear a reasonable relation to the public health, safety and welfare and they directly relate to the granted use. 2 ANDERSON, *American Law of Zoning*, 3rd Ed. § 14.10; 2 RATHKOPF, *The Law of Zoning and Planning* § 19.04; Cf., *Borger v. Towamensing Township Bd. of Adjustment*, Pa.Cmwlth., 39 Pa.Cmwlth. 361, 395 A.2d 658 (1978); *Montgomery County, et al v. Mossburg*, Md.Ct.App., 228

Md. 555, 180 A.2d 851 (1962); *Nathanson v. D.C. Board of Zoning Adjustment*, D.C. Ct.App., 289 A.2d 881 (1972). See also: *Saini, et ux v. Zoning Board of Review of the City of Warwick*, R.I.Supr., 99 R.I. 269, 207 A.2d 47 (1965); *Zoning Board of Adjustment of New Castle County v. Dragon Run Terrace, Inc.*, Del.Supr., 222 A.2d 315 (1966).

■ I therefore conclude that, in an appropriate situation, the Sussex County Council, when granting a conditional use permit, may impose an additional special condition as to the lands subject to the conditional use even if the special condition imposed is not specifically set forth in the Sussex County Zoning Ordinance, if the special conditions are: 1) reasonably necessary to protect the public health, safety and welfare; 2) directly relate to the granted conditional use; and 3) do not violate the general intent of the conditional use provisions of the zoning ordinance.

### III

■ As the above discussion indicates, the County Council may impose a special condition which is specifically permitted in the zoning ordinance unless the special condition is unreasonable, and the Council may also impose a special condition which is not set forth in the ordinance if the special condition is reasonably necessary for the public health, safety and welfare.

■ This Court's role in reviewing a zoning decision of the Sussex County Council is limited to a review of the record to ascertain if the decision is supported by substantial evidence or whether it is in any way arbitrary, capricious or an abuse of discretion. *Willdel Realty, Inc. v. New Castle County*, Del.Supr., 281 A.2d 612 (1971); *Kreshtool v. Delmarva Power and Light Co.*, Del.Super., 310 A.2d 649 (1973); *Olney v. Cooch*, Del.Supr., 425 A.2d 610 (1981); *Cohen et al. v. Rental Housing Commission*, D.C.Ct.App., 496 A.2d 603 (1985).

■ Needless to say, greater scrutiny is necessary where the County Council imposes, as the prerequisite to the approval of a conditional use, a special condition which is not provided for in the Zoning Ordinance.

■ The record, therefore, must show that the Sussex County Council had before it sufficient facts to justify the imposition of the special condition that a fence be erected and that it relied on those facts in deciding to impose the special condition. Cf. *Tate v. Miles*, Del.Supr., 503 A.2d 187 (1986) and *County Council v. Hutchins*, Del.Supr., 526 A.2d 930 (1987).

■ The present record, however, does not show the reason that the special condition was imposed and it is impossible for me to ascertain why the County Council decided to require the plaintiff to erect a fence. It may be that the proposed mobile home park was close to a dangerous, well-traveled highway, a body of water, or other unsafe condition and a fence is necessary to protect the residents of the park, or it may be that a fence is necessary to prevent motor vehicles from crossing over private property in traveling from the mobile home park to the highway. There is nothing in the record, however, to show the existence or nonexistence of any special hazard, factor or unsafe condition. For this reason the entire matter must be remanded to the County Council for further development of a record. *Tate v. Miles*, supra.

### IV

■ As indicated, the County Council in requiring that a fence be erected, not only provided that the fence be erected around the proposed addition to the mobile home park, but also that it be placed around the existing mobile home park. The requirement that a fence be erected around the existing park, on its face, seems to be arbitrary and capricious because it was a retroactive condition and it did not directly relate to the lands for which the conditional use permit was being sought. The record here, however, is too sparse for me to determine if the imposition of that requirement was arbitrary and capricious.

## V

■ Plaintiff also raises the claim that the County Council's conduct in requiring that a fence be erected is a violation of plaintiff corporation's civil rights under 42 *U.S.C.* § 1983. Plaintiff has not, however, borne the heavy burden of showing that that federal statute is applicable.

Plaintiff argues that the zoning decision, which was an official action of the Sussex County Council, amounted to discrimination and a denial of its equal protection because it claims that a high percentage of the persons who will live in the proposed trailer park authorized by the conditional use permit would be black. The claim is without merit, however, because the record contains no evidence that considerations of race played any part in the decision and a possible racial impact is insufficient to constitute a 42 *U.S.C.* § 1983 claim.

In *Village of Arlington Heights v. Metropolitan Housing Development Corp., et al.*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977), the United States Supreme Court stated:

> Our decision last Term in *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), made it clear that official action will not be held unconstitutional solely because it results in a racially disproportionate impact. "Disproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination." *Washington*, supra, at 242, 96 S.Ct. at 2049. *Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.* (Emphasis added)

See also *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The holding in these cases is clear: more than a racially discriminatory impact is required and a discriminatory intent or purpose is necessary to support a 42 *U.S.C.* § 1983 claim. In the present case plaintiff claims discrimination but fails to even allege culpable intent or purpose in the County's decision.

In describing factors to be evaluated in the search for discriminatory intent or pur-

pose, the Supreme Court, in *Arlington Heights*, supra, 429 U.S. at p. 266, 97 S.Ct. at p. 564, stated:

> The impact of the official action—whether it "bears more heavily on one race than another," *Washington v. Davis*, supra, 426 U.S. at 242, 96 S.Ct. at 2049—may provide an important starting point. Sometimes a clear pattern, unexplainable on grounds other than race, emerges from the effect of the State action even when the governing legislature appears neutral on its face. (citations omitted)

The factors cited by the Court in the *Arlington Heights* case included, *inter alia*, a sudden re-zoning action, a departure from normal procedural and substantive rules, and statements made by the body reflecting a discriminatory purpose or intent. The scant record before me, however, shows none of those factors to be present. Likewise, plaintiff has presented no creditable evidence tending to demonstrate a discriminatory intent on the part of the County. The failure to produce such evidence dooms the plaintiff's argument. See *Yale Auto Parts Inc., et al. v. Johnson, et al.*, 2nd Cir., 758 F.2d 54 (1985); *Ossler, et al. v. Village of Norridge, et al.*, N.D.Ill., 557 F.Supp. 219 (1983).

## VI

■ Upon remand the issue of whether a conditional use should be granted at all in this matter will be before the County zoning authorities. This is so because the County Council might not have been able to have found that the granting of the conditional use was "essential and desirable for the general convenience and welfare" or was done with "full protection offered to surrounding properties" if a fence was not required. Sussex County Zoning Ordinance Article 9 § 1. 3 RATHKOPF, supra § 42.07; *Mavrantonis v. Board of Adjustment of the City of Wilmington*, Del.Super., 258 A.2d 908 (1969); *Russell, et al v. County Council*, (C.A. 6955–NC, V.C. Brown, 4–30–80, 10–15–80).

The parties may submit a proposed order.