[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Bridgeport Zoning Board of Appeals (Board), denying an application for an amendment to a special exception for property at 540 Boston Avenue in Bridgeport. The subject property is used for the retail sale of gasoline and as a convenience store. The plaintiff, Amoco Oil Company owned the subject property when the special exception application was filed on July 21, 1992 by Richard Cartier, the lessee of the property. Cartier proposed to use the convenience store as a grocery store selling packaged beer. This required a proper liquor permit from the Department of Liquor Control, namely CT Page 8548 a grocery store beer permit. See 30-15(19)(B) and 30-20(b) C.G.S. "A grocery store beer permit may be granted to any grocery store as defined in 30-1 and shall allow the retail sale of beer in standard size containers not to be consumed on the premises." Id. A "grocery store" is defined in 30-1 as follows:
 "any store commonly known as a supermarket, food store, grocery store or delicatessen, primarily engaged in the retail sale of all sorts of canned goods and dry goods such as tea, coffee, spices, sugar and flour, either packaged or in bulk, with or without fresh fruits and vegetables, and with or without fresh smoked and prepared meats, fish and poultry, except that no store primarily engaged in the retail sale of seafood; fruit and vegetables; candy, nuts and confectioneries; dairy products; bakery products; or eggs and poultry shall be included in the definition of `grocery store.'"
The Department of Liquor Control (DLC) is required by 30-44
of the General Statutes to "refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance." In order for the DLC to issue any of the types of liquor permits allowed by statute, there must be a showing that the zoning ordinance is complied with. Town of Greenwich v. Liquor Control Commission, 191 Conn. 528, 534; P.X. Restaurant, Inc. v. Town of Windsor, 189 Conn. 153, 160. If a particular property has a permitted use or a nonconforming use under the zoning regulations for the type of use for which an approved category of liquor permit is allowed in the municipality, a permit can be obtained for that use from the DLC if it finds the applicant and premises to be suitable.
The convenience store on the subject property was operating under a special exception which did not specifically authorize use of the property to sell beer. When Cartier applied for certification to the Bridgeport Zoning Official, he was informed that an amendment to the existing special exception for the property was required in order to sell liquor. Section 30-39(a)(1) provides in part that an application to the Department of Liquor Control for a liquor permit requires submission of documents showing compliance with local zoning regulations and ordinances. CT Page 8549 Accordingly, Cartier then filed the application with the Board in order to amend the special exception to allow sale of beer as one of the items in the store as a prerequisite for a grocery store beer permit under 30-20(b) of the General Statutes. A public hearing was held on the application, continued several times, and concluded on November 12, 1992. At the December 8, 1992 meeting the Board reviewed the application and denied the extension of the special exception for three reasons: (1) the sale of beer under a grocery beer permit was not the intent as expressed to the Board when it approved the original special exception; (2) the proposed use is an enlargement and intensification of the existing use; (3) the expansion of the existing convenience use to include the sale of beer is considered to be an over intensification of the use of the site.
The plaintiff brought this appeal within the statutory time limits and it is still the owner of the subject property. It has a standing to maintain this appeal. Bossert Corporation v. Norwalk, 157 Conn. 279, 285. It claims that the Board improperly denied the special exception for three reasons: (1) an amendment to the special exception was not required because the change in the use was not an intensification of it; (2) the proposal met all the requirements in the zoning regulations for an amendment to the special exception; and (3) the reasons given for the Board's decision were not valid reasons for denial of the application and are not supported by the record.
The terms "special permit" and "special exception" have the same meaning and can be used interchangeably. Beckish v. Planning and Zoning Commission, 162 Conn. 11, 15. In Bridgeport one of the functions of the zoning board of appeals is to act on special exception applications. In order for an administrative agency to approve a special exception it must determine that (1) the proposed use of the property is expressly permitted under the zoning regulations (2) the standards in the regulations are satisfied, and (3) any conditions necessary to protect health, safety, convenience and property values as provided by 8-2 of the General Statutes, can be established. Housatonic Terminal Corp. v. Planning Zoning Board, 168 Conn. 304, 307; A.P. W. Holding Corp. v. Planning Zoning Board, 167 Conn. 182, 185. A special exception is a use which the zoning regulations expressly permit under conditions specified in the regulations. WATR, Inc. v. Zoning Board of Appeals, 158 Conn. 196, 200. It allows a use which is generally compatible with the zoning district but which requires special attention as to its location and method of operation in CT Page 8550 order to keep it consistent with uses permitted as of right in the district. Barberino Realty Development Co. v. Planning Zoning Commission, 222 Conn. 607, 612. Except for conditions necessary to protect public health, safety, convenience and property values as allowed by 8-2 of the General Statutes, Anastasi v. Zoning Commission, 163 Conn. 187, 190, a board cannot impose conditions not contained in the zoning regulations themselves. Farina v. Zoning Board of Appeals, 157 Conn. 420, 422.
Where a special exception is approved the approval would be limited to that use and any conditions imposed upon it by the agency. Any limitations must be challenged at that time, and failure to contest a condition imposed when the special exception was issued cannot be raised when it is renewed. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159,162. Whether or not an actual or proposed use of property operating under a special permit is a use allowed by that special permit or an extension or intensification of it is a question of fact which must be resolved on a case by case basis. The agency empowered to act on special exceptions makes the factual determination whether the proposed use is within the scope of the prior special exception, or is a change or extension or intensification of it. The agency can consider facts known from personal observation of the site, Oakwood Development Corp. v. Zoning Board of Appeals. 20 Conn. App. 458, 460, 461; Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 570. The agency also decides on the reliability of statements made to it. Spectrum of Connecticut, Inc. v. Planning Zoning Commission, supra, 163; Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47,49.
When a property owner or holder of a special exception wants to substantially intensify the use for which the special exception was granted, it must obtain an additional or amended special exception under the zoning regulations. Carlson v. Planning 
Zoning Commission, 1 Conn. Super. Ct. Rpts. 715, 716 (1986), citing Warner v. Board of Review of the City of Newport, 104 R.I. 207,243 A.2d 92, 94, 95 (1968). The Warner case outlines a two part factual determination; whether the new use is of the same character as the one allowed by the special exception and if it is, whether it would substantially intensify the prior use. Our Supreme Court and Appellate Court have not ruled on this question. A similar situation exists, however, with nonconforming uses, namely uses which are protected even though they do not comply with the current zoning regulations. With nonconforming uses, an increase in the CT Page 8551 amount of business done on the property is not an illegal expansion of it, Zachs v. Zoning Board of Appeals, 218 Conn. 324, 331, nor is using more efficient equipment and improvements to pursue the original use. Id., 334; Connecticut Sand Stone Corp. v. Zoning Board of Appeals, 150 Conn. 439, 443 (modern equipment to update a nonconforming sand and gravel pit was a lawful extension, but the manufacture of concrete was an illegal extension or expansion of the nonconforming use). Changes and extensions in nonconforming uses are not allowed except in those rare situations where a change or extension is expressly permitted to an existing nonconforming use by the zoning regulations. Point O'Woods Ass'n. Inc. v. Zoning Board of Appeals, 178 Conn. 364, 368; Beckish v. Planning Zoning Commission, supra, 14. In deciding whether an activity is within the scope of a nonconforming use three factors are considered: (1) the extent to which the current reflects the nature and purpose of the original use; (2) any differences in the character, nature, and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from the differences in the activities conducted on the property. Zachs v. Zoning Board of Appeals, supra, 332. Whether the new or proposed use is an extension or change or merely an intensification is a question of fact.
It is clear from Connecticut cases that if the existing convenience store was a nonconforming use that expanding it from a combination self-service gasoline station and convenience store to a gasoline station and grocery store selling beer under a permit from the Department of Liquor Control would be an improper expansion. The substitution of a package store permit for a drug store/liquor permit, which allowed more sales, has been held to be an expansion of a nonconforming use. Macaluso v. Zoning Board of Appeals, 167 Conn. 596, 600. Expanding a business from selling beer to selling all types of liquor was held in one case to be a substantial change from the original use. Salerni v. Scheuy,140 Conn. 566. See also Raymond v. Zoning Board of Appeals, 164 Conn. 85
(changing a gasoline service station to allow auto repairs under a limited repairers license was an extension); Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 301 (changing a watch tower to a radio transmitter tower was an extension).
One of the difficulties with this appeal is that the prior special exception granted by the Board and the conditions imposed on it are not contained in the record. The special exception was not offered by the applicant, who has the burden of proof that the Board acted improperly in denying the application. Verney v. CT Page 8552 Planning Zoning Board of Appeals, 151 Conn. 578, 580. However, at the public hearing there was discussion on the use of the property and the special exception, including statements that the location was approved only for a convenience store and not a grocery store. The Board members noted a difference between sale of convenience items incidental to the operation of a gas station and the sale of products customarily sold at a grocery store. In the absence of the special exception itself, this court cannot second guess the Board's factual determination that what was originally approved was a convenience store and that a grocery store is a material change from what was previously approved.
There is also no basis to reject the first two reasons assigned for denial of the extension of the special exception, namely that sale of beer under a grocery beer permit was not consistent with the intent expressed to the Board when the special exception was approved, and that the proposed use is an enlargement and intensification of the existing use as a convenience store. The definition of grocery store in 30-1(16) of the General Statutes, quoted above, is also germane on this question. The property must be used for the activities in that definition in order to qualify for a grocery store beer permit under 30-20(b). The record does not show that the applicant was carrying out the activities required for a grocery store.
Where a special exception is denied, it is sufficient if any one of the reasons given supports the agency's action. Housatonic Terminal Corp. v. Planning Zoning Board, supra, 306; Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 576. When reasons are given, the Superior Court on appeal determines whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the agency is required to apply under the zoning regulations. DeMaria v. Enfield Planning Zoning Commission, 159 Conn. 534, 541; Housatonic Terminal Corp. v. Planning Zoning Board, supra, 305, 306. The first two reasons are valid. The board also found that the expansion of the convenience store to include the sale of beer was an over intensification of the use of the site. There is also some support for this finding in the record. The requirements for a special exception are contained in Chapter 1, 2(b) of the Bridgeport Zoning Regulations. Among the factors there are the intensity of the use and its effect on the comprehensive plan. The Board's finding of over intensification of use of the site relates to that factor in the special exception regulations. It is unnecessary to decide whether the test in the Connecticut CT Page 8553 nonconforming use cases or the substantial intensification test in Rhode Island referenced in the Carlson case controls on amendments to special exceptions. The Board's finding that allowing the sale of beer on the property was an over-intensification of use of the site meets even the more demanding substantial intensification test and justified denial of the application. A special exception was required and the Board could find that the application did not meet the zoning regulations. All of the reasons assigned were germane to the application and valid reasons for denial of it.
There are several other related procedural claims in the plaintiff's brief which must be addressed. There is no basis for the claim of denial of procedural due process. The plaintiff also claims that the Board improperly considered material outside the record, but does not identify what that was. As previously noted, the Board members could consider their personal knowledge of the site and their recollection of the terms of the prior special exception, subjects which were openly discussed at the public hearing. The Board also properly required submission of a special exception application. While the plaintiff claims that only a liquor certification was needed for the property, a grocery store beer permit could not be granted by the Department of Liquor Control unless the use was allowed under the zoning regulations. Section 30-44 C.G.S. Selling beer out of a grocery store was not a permitted use in the zone, and the prior special exception for a gasoline station/convenience store did not authorize the proposed use. Accordingly, a new or amended application for a special exception was required. The court on appeal cannot substitute its judgment for that of the board and the conclusion, reflected in the three reasons, that there would be impermissible over intensification of use of the property by the proposed amendment to the special exception.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE