## LEONARD ABRAMSON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WESTPORT ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued January 3—decided February 21, 1956

*Milton H. Belinkie,* for the appellant (plaintiff).

*John H. Mountain,* with whom was *Daniel B. Bradley,* for the appellee (named defendant).

DALY, J. The plaintiff applied to the zoning board of appeals of the town of Westport for the granting

of a special exception. The board, hereinafter referred to as the defendant, denied his application, and he appealed to the Court of Common Pleas. From the judgment dismissing his appeal, he has appealed to this court.

The facts, as they appeared before the board, are as follows: On June 24, 1954, the plaintiff applied to the defendant for the granting of a special exception, under § 2 of the town's zoning regulations, to permit him to remove topsoil and gravel from his lot for the purpose of creating an artificial lake. On July 1, 1954, the defendant held a public hearing on the application and found that the proposed excavation, to a depth of twenty-two feet, would create a sharp declivity, pit or depression without proper drainage; that stagnant water and drainage problems would be created by the proposed lake; that permanently depressed land values would result; and that the proposed excavation would not be in harmony with the general purpose and intent of the zoning regulations. The land is marginal and borders on tidal swamps, a tidal brook known as "Muddy Brook," and steep banks ranging from fifty to seventy-five feet above it. Farther to the west there are other tidal swamps. The defendant denied the application.

Section 2 of the zoning regulations provides that "there shall be no excavation or removal of earth, loam, topsoil, sand, gravel, clay or stone for sale or for use other than on the premises on which such excavation or removal shall be made, except in connection with the bona fide construction or alteration of a structure on such premises." Westport Zoning Regs., § 2 (1953). It also provides that the defendant may grant a special exception authorizing such an excavation or removal upon conditions therein-

after specified. The pertinent portion of the section is printed in the footnote.[1] The consequences which the defendant found would result from the proposed excavation would violate specified conditions. None of the conditions prescribed in the regulations may be altered. *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 532, 102 A.2d 316.

The plaintiff maintains that the court erred in concluding that the defendant did not, in denying his application, act illegally, arbitrarily and in abuse of the discretion vested in it. He bases this contention upon his claim that in his application for the special exception and at the public hearing on July 1, 1954, he stated that he would abide by, comply with and meet all of the conditions set forth in the zoning regulations and that, therefore, the defendant was required to conclude that all conditions were met. For a special exception to have been justified, it must have appeared, and the defendant must have concluded, that the manner in which the owner proposed to use his property would satisfy the conditions imposed by the regulations. *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* supra, 534.

---

[1] "The Board of Appeals may grant a special exception for a limited period of time, not exceeding two (2) years, if it shall find that such excavation or removal will not result in the creation of any sharp declivities, pits, or depressions, soil erosion or fertility problems, permanently depressed land values, or create any drainage or sewerage problems or other conditions which would impair the use of the property in accordance with the Zoning Regulations and that such excavation or removal will be in harmony with the general purpose and intent of the Zoning Regulations. An exception shall be granted only upon the following conditions: . . . (4) That there will be no sharp declivities, pits or depressions and that proper drainage will be provided to avoid stagnant water and sewerage problems; . . ."

"The appeal to the court from the decision of the board did not require or permit the court, by trial de novo, to substitute its finding and conclusions for the decision of the board. Its functions were limited to a determination whether the board, as alleged by the appeal, had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Gunther* v. *Board of Zoning Appeals,* 136 Conn. 303, 306, 71 A.2d 91; *Blake* v. *Board of Appeals,* 117 Conn. 527, 531, 532, 169 A. 195; *Holley* v. *Sunderland,* 110 Conn. 80, 82, 147 A. 300. It is essential to the functions of zoning boards of appeal that they be invested with liberal discretion. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343. The burden of proof to show that the board acted improperly was on the plaintiff. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164, 32 A.2d 635; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26." *Talmadge* v. *Board of Zoning Appeals,* 141 Conn. 639, 642, 109 A.2d 253.

There can be no doubt concerning the wide discretion attaching to the defendant as an administrative agency of government. It is a discretion which could be overruled only if the defendant had not acted fairly or with proper motives or upon valid reasons. *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 455, 85 A.2d 904. The trial court did not err in concluding that the defendant did not act illegally, arbitrarily and in abuse of the discretion vested in it.

The remaining assignments of error are without merit.

There is no error.

In this opinion the other judges concurred.