## CAROLYN C. WILLARD *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 4—decided December 15, 1964

*John B. Willard,* for the appellant (plaintiff).

*Joseph J. Burns,* assistant corporation counsel, for the appellee (defendant).

SHANNON, J.  This appeal is from the judgment of the Court of Common Pleas in Hartford County dismissing the plaintiff's appeal from the action of the defendant in denying a variance.

On September 28, 1962, the plaintiff's predecessor in title and The Greater Hartford Tuberculosis and Public Health Society, a prospective tenant, filed with the defendant an application for a variance of § 38-4 of the Hartford zoning ordinance, concerning A-2 residence zones. The application sought permission to use the property located at 660 Prospect Avenue, Hartford, for offices and for the parking of six additional cars, making a total of nine cars for the use of office employees. After a public hearing on November 7, 1962, the defendant denied the application. The property is midway between Farmington Avenue and Cone Street. There are eleven buildings, all originally constructed for single-family residences. Six of these are licensed rooming houses which were in existence prior to the recodification of zoning in Hartford on October 8, 1945. Three other owners have been granted variances for commercial uses, including a use by The Society for Crippled Children and Adults similar to the one proposed here. There is but one property in the block, other than the plaintiff's, which conforms to the regulations for an A-2 residence zone. The owner of this other property, in a letter to the defendant, favored the granting of the plaintiff's application. No one appeared at the hearing in opposition, but an adjoining owner wrote a letter to the defendant in opposition. The plaintiff claimed that the property was unattractive for residence purposes and that she had sought unsuccessfully for one and a half years to secure a tenant.

It is true that the plaintiff has the burden of proving that the defendant acted illegally, arbitrarily and in abuse of its discretion and that the court will not substitute its judgment for that of the board. Upon appeal, the trial court reviews the

record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758; *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211, 214, 120 A.2d 827; *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 71, 157 A.2d 103. We, in turn, review the action of the trial court. In this case, the record of the board is barren of any justification for this denial, which seems to inflict unnecessary hardship on the plaintiff and benefits no one else. There is nothing in the record, considering the uses of neighboring property, which would be contrary to the general comprehensive plan. See *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 295, 99 A.2d 149; Hartford Charter, c. 19, §§ 10, 11 (1960 as amended). Perhaps an inept presentation before the board would explain its denial of the application. But even if this were so, it could not justify it.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.