STANLEY J. PAGE ET AL. *v.* BOARD OF ADJUSTMENT OF THE CITY OF NEW BRITAIN ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 6—decided December 29, 1964

*William V. Dworski,* for the appellants (plaintiffs).

*Charles G. Karanian,* for the appellee (defendant Begley); on the brief was *Andrew P. Denuzze,* corporation counsel, for the appellee (named defendant).

SHANNON, J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismiss-

ing their appeal from the defendant board of adjustment of the city of New Britain, which had granted a special exception under the zoning ordinance to permit the operation by the defendant Raymond Begley, Sr., of a package store liquor outlet at 538 East Main Street, within 1500 feet of other liquor outlets. This use would not be permitted unless a special exception was granted.

On or about June 11, 1962, the board denied the petition of James Harkins for a special exception for the same purpose at this address. He had asserted that he was being forced to move from his then business location because of the New Britain redevelopment program. On or about February 11, 1963, the board granted the petition of the defendant Begley. He claimed hardship in that he was being forced to move from his then business location because of the redevelopment program.

The plaintiffs' eleven assignments of error present in substance only two questions: (1) Did the board act illegally, arbitrarily and in abuse of its discretion in granting Begley's petition after having denied Harkins' petition, when the proceedings before the board allegedly showed no material change in conditions or circumstances? (2) Did the board act illegally, arbitrarily and in abuse of its discretion in not setting forth as a reason for its grant of a special exception to Begley that it found a material change in conditions or circumstances since the previous denial of a "special exception" to Harkins? We assume, without deciding, that before there can be a reversal of a prior decision on a special exception, it must be shown either that there had been a "change in conditions" since the first decision or that other factors had intervened which materially affected the merits of the case

and no vested rights had accrued. See *Mynyk* v. *Board of Zoning Appeals,* 151 Conn. 34, 37, 193 A.2d 519. The sole basis of the plaintiffs' claim in the Court of Common Pleas that the board's action was illegal, arbitrary and in abuse of its discretion was that the board failed to follow the foregoing rules.

The burden of proving that the board acted improperly is on the plaintiffs. *Nielson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754; *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211, 214, 120 A.2d 827. Here, the trial court found that the plaintiffs did not sustain their burden of proving that the action of the board was in abuse of its discretion or otherwise illegal. There is nothing in the record to show that the plaintiffs had proved that the conditions were the same or that other material factors had not intervened.

There is no error.

In this opinion the other judges concurred.