MORTON SHIMELMAN ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTH WINDSOR

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued December 3, 1964—decided January 26, 1965

*Robert L. Krechevsky,* for the appellants (plaintiffs).

*Frank E. Ahearn,* for the appellee (defendant).

SHANNON, J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal from the planning and zoning

commission of the town of South Windsor, which denied their application for a change of zone from residence R-30 to residence A-30. Section 4.1.7 of the zoning regulations purports to provide that the subdivision of a tract or parcel of land in a residence R zone for residential development for more than ten dwellings shall be contingent on and subject to a change of zone to residence AA or residence A. Although the regulations are of the permissive type, they make no express provision for a subdivision, whether in an R zone, an AA zone, or an A zone. The plaintiffs filed their application for a change of zone on April 2, 1963.

Section 4.1.7, under which the application was made, has been erroneously interpreted by both the plaintiffs and the commission as permitting the subdivision of a tract or parcel of land for residential development for not more than ten dwellings in an R zone and for more than that number in an AA or A zone. The plaintiffs' claim is that the commission acted illegally, arbitrarily and in abuse of its discretion in denying their application for a change of zone. The sole ground of this claim is that the plaintiffs wished to establish a subdivision of more than ten houses and, therefore, wanted to have their property in an A zone. The plaintiffs argue that the commission's approval of the requested zone change should have been automatic. As far as appears from the record, this contention was the basis on which the application for a change of zone was presented to the commission. Since there was actually no provision for a subdivision in the regulations, such a presentation furnishes no basis on which this court can conclude that the plaintiffs have sustained their burden of proving that the commission's action in denying the zone

change was arbitrary, illegal or in abuse of its discretion. *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145; *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261, 121 A.2d 637; cf. *Page* v. *Board of Adjustment,* 152 Conn. 301, 303, 206 A.2d 424.

There is no error.

In this opinion the other judges concurred.