THERESA M. SERVIDIO ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF
STONINGTON ET AL.
(4165)

HULL, SPALLONE and BIELUCH, Js.

Argued April 2—decision released August 5, 1986

*William H. Hescock,* for the appellant (defendant Frank Verzillo).

*Mary E. Holzworth,* for the appellees (plaintiffs).

BIELUCH, J. This appeal arises out of the trial court's decision sustaining the plaintiffs'[1] appeal from the defendant planning and zoning commission's approval of a special use permit for the construction of twenty-seven attached and detached condominium units in the town of Stonington.[2] The condominium development was to consist of two single family homes, five duplex residence buildings and five three-unit townhouses. The trial court sustained the plaintiffs' appeal after finding that the record did not provide a basis from which the planning and zoning commission could conclude that the five duplex residence buildings complied with the lot area requirements of §§ 3.61 and 3.62 of the town's zoning regulations calling for a minimum lot area of 30,000 square feet for each building. We find no error.

The defendant claims that the court erred in concluding that the plaintiffs had met their burden of proving that the planning and zoning commission had acted improperly. He also claims that the trial court erroneously substituted its opinion of the evidence for that of the commission. We disagree with both contentions.[3]

The parcel of land upon which the proposed development is to be situated is located in an RM-15 district zone. Section 3.61 of the zoning regulations requires a minimum lot area of 15,000 square feet in that zoning district. Section 3.62 of the regulations specifies the uses permitted in an RM-15 zone. In addition to

---

[1] In addition to the named plaintiff, seven other abutting landowners are plaintiffs and appellees. Two of these, Rocca DiCesare and Virginia E. Schackner, were erroneously omitted from the judgment file in the trial court.

[2] In addition to the named defendant, the developer of the proposed project, Frank Verzillo, is also a defendant. He is the sole appellant and is referred to as the defendant.

[3] The appellees have raised, pursuant to Practice Book § 3012 (a), an alternate ground upon which the trial court's decision should be upheld. Because of our decision with regard to the defendant's claims of error, we deem it unnecessary to reach this affirmative claim.

single family dwellings, "Duplexes-attached residence (District lot size X 2)" are allowed by § 3.62 (C). Townhouses containing no more than four units per building are permitted in this zone with a special use permit from the planning and zoning commission. Under § 1.32.69 a "Residence-Townhouse" is defined as a structure containing not less than three nor more than four horizontal units and being not more than two full stories high. Density requirements for townhouses are set forth in § 5.4-6. The central zoning requirement in issue before the trial court was the minimum lot area of 30,000 square feet for each of the five duplex buildings in the proposed project.

The development under consideration received its special use permit conditioned upon several modifications to the proposed condominium which, inter alia, resulted in a reduction of the total dwelling units to be built from thirty-one to twenty-seven. The decrease in living units was accomplished by removing an end unit from each of two proposed three-unit townhouses, thus converting them into duplexes, and by eliminating one duplex altogether. As a result of these changes to the site plan as submitted by the defendant, the condominium was now to consist of two single family homes, five duplex homes and five three-unit townhouses. From a review of the zoning record before it, the trial court concluded that the record did not support the planning and zoning commission's requisite finding that each of the five duplex residence buildings contained the minimum lot area of 30,000 square feet called for by § 3.62 (C) of the zoning regulations.

The original site plan submitted to the commission shows that the two single family dwellings are located on lots containing the requisite 15,000 feet of land, and that each of the units in the townhouses remaining after modification by the commission's approval possesses the necessary minimum integral lot area of 2000 square

feet required by §§ 5.4-6 (E) (1) and 3.67 (D) of the zoning regulations. The original site plan does not indicate that the duplex buildings were situated on lots containing at least 30,000 square feet of land. Rather, it shows that the duplexes possess a minimal integral lot area of 2000 square feet. A fortiori, the modifications of the plan inherent in the commission's approval do not show the required lot area for the original three duplexes or the two additional duplexes created from former proposed townhouses. The additional or modified duplexes on the original site plan show merely that they also possess an integral lot area of 2000 square feet required of the former townhouses. Section 3.67 of the "Special Regulations" permits the waiver of density requirements for "Cluster Developments" approved under § 7.5. The trial court did not find the proposed condominium plan to be a cluster development as defined by § 7.5 of the regulations. Hence, the site plan showing integral lot areas of 2000 square feet adjoining each duplex unit, original or modified, rather than a minimum lot area of 30,000 square feet for each duplex building, did not provide a basis for the commission's finding that the requirements of the zoning regulations, in particular the minimum lot area of 30,000 square feet for each duplex dwelling structure, was met by the proposed plan of development.

There is no error.

In this opinion the other judges concurred.