[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a special case by the Stratford Zoning Commission for property owned by the plaintiff and located at 2980 Main Street in Stratford. A special case under the Stratford Zoning Regulations is equivalent to a special permit or special exception. Maher v. Planning ZoningCommission of Stratford, 154 Conn. 420, 422. The subject property is in a CA zone, where retail stores are a permitted use. Section 7.1.3, Stratford Zoning Regulations. Gasoline service stations are also a permitted use, except a self-service gasoline station requires a special case. Section 7.1.4, Stratford Zoning Regulations. Special case applications are governed by § 20 of the Zoning Regulations. The plaintiff filed a special case application in order to convert an existing gasoline service station into a self-service gasoline station with an attached food market or delicatessen.
A public hearing was held on the application on August 17, CT Page 5224 1993 and it was denied on September 21, 1993 for seven reasons: (1) inadequate parking on the site; (2) the operation would increase traffic congestion; (3) the application was deficient without a traffic study; (4) a deli is a more intense use than a gasoline station; (5) sanitary concerns with one person running the deli and pumping gasoline when required for handicapped persons; (6) the use will have an impact on abutting residential properties; and (7) noncompliance with 20.2.1(d) of the Zoning Regulations. Since the plaintiff is the property owner and unsuccessful applicant, it is aggrieved by the Commission's denial of the application. Bossert Corporation v. Norwalk,157 Conn. 279, 285.
When a zoning commission denies a special case, the question on appeal is whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations that the agency is required to apply under the zoning regulations. Grace Community Church v.Planning Zoning Commission, 42 Conn. Sup. 256, 260; HousatonicTerminal Corporation v. Planning Zoning Board, 168 Conn. 304,305-306. Where the application is denied it is sufficient if any one of the reasons given supports the Commission's action. Id, 306.
The first and fifth reasons for denial of the application are not supported by the record. The plaintiff is correct that the zoning regulations do not specifically require a traffic study. However, § 20.2.1(d) requires certain specific information on roadway conditions and capacity adjacent to the property, existing and projected traffic volumes, levels of service and adequacy of traffic signals, so that the Commission can determine that the proposed use will not adversely affect safety in the streets, increase traffic congestion or interfere with the pattern of highway circulation. In order to grant a special case the Commission must determine that the standards in the zoning regulations are satisfied, Farina v. Zoning Board ofAppeals, 157 Conn. 420, 422, and these conditions cannot be altered by the Commission. Lurie v. Planning ZoningCommission, 160 Conn. 295, 304. It has reasonable discretion in deciding whether the proposed use meets the conditions in the zoning regulations. Abramson v. Zoning Board of Appeals,143 Conn. 211, 213. If the application does not comply with the zoning regulations it cannot be granted. Anastasi v. ZoningCommission, 163 Conn. 187, 190, 191; Servidio v. Planning Zoning Commission, 8 Conn. App. 395. A land use agency has CT Page 5225 discretion to resolve debatable questions of fact, and on appeal the issue is whether the agency's decision is reasonably supported by the record, in which case the court cannot substitute its judgment for that of the agency. Westport v.Norwalk, 167 Conn. 151, 161. Even though there was no opposition to this application, the court cannot conclude after a review of the record that the Commission was incorrect in concluding that the applicant had not shown compliance with § 20.2.1(d). The Commission was also allowed to consider its personal knowledge of traffic conditions at the site and surrounding uses. Holt-Lock, Inc. v. Zoning PlanningCommission, 161 Conn. 182, 191; Feinson v. ConservationCommission, 180 Conn. 421, 427, and cases cited therein.
The Commission was also required to consider "the location, size and intensity of the use in relation to the size of the property and existing neighborhood development." Section 20.2.1(b), Stratford Zoning Regulations. This would include considering whether adding a delicatessen to the existing gas station would have a more significant impact on nearby properties than the current use of the subject property. It is unnecessary to decide whether the record adequately supports denial of the application on this ground as well, since the Commission only has to assign one valid reason for denying an administrative application.
The plaintiff also contends that there is no rational basis for allowing full service gasoline service stations as a permitted use in the zone, while requiring a special case for a self-service gasoline station. While this is an interesting argument, it is beyond the permissible scope of this administrative appeal. The appeal must be decided based upon the existing regulations, and § 7.1.4 of the Zoning Regulations requires a special case for the use proposed by the plaintiff.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE CT Page 5226