[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal results from the action of the defendant Zoning Board of Appeals of the City of Shelton in granting an application for a variance in favor of the defendant William Smelter with reference to property owned by William Smelter known as 77 Kanungum Trail, Shelton, Connecticut. The property in question consists of 12,606.89 square feet and lies partially in an R3 zone and partially in an R1 zone. The Shelton Zoning Regulations require that a building lot have a minimum of 12,000 square feet in an R3 zone, and a minimum of 40,000 square feet in an R1 zone, but when a lot lies in two zones, it must conform to the more stringent requirements. The variance at issue therefore related to the minimum 40,000 square foot requirement for the lot in question.
The plaintiffs, Hannelore Notaro and Jacob Notaro, are aggrieved parties by virtue of the fact that they own property CT Page 8957 directly across the street from the defendant Smelter and within 100 feet of the property as to which the variance is granted. Conn. Gen. Stat. § 8-8(a)(1). In their appeal, the plaintiffs allege that the Board acted illegally, arbitrarily and in abuse of its discretion in granting the variance in the various ways set forth in their complaint.
As a preliminary matter, the defendant Smelter has filed a special defense in which he alleges that the same variance was granted as to this property in 1988, which remains in effect, making the issues in this appeal moot.
By way of background, the record reflects that the application for the variance at issue was filed subsequent to the Shelton Zoning Enforcement Officer issuing a Cease and Desist Order to Mr. Smelter in February of 1995 when it was determined that Mr. Smelter was about to commence construction. It was the position of the Zoning Enforcement Officer that the 1988 variance had expired due to its terms, two years subsequent to its issuance. The defendant, Smelter, did not appeal to the Zoning Board of Appeals from that Cease and Desist Order as he could have done pursuant to Conn. Gen. Stat. § 8-7, but chose to file the application at issue.
The action of the Board in granting the 1995 variance is therefore the only matter which is before the court in this appeal since the Board was never presented with the issue of whether the 1988 variance had expired, or remained in effect so as to support or overturn the action of the Zoning Enforcement Officer.
A zoning board of appeals in acting upon a request for a variance is acting in an administrative capacity and is endowed with liberal discretion. The board's action can be overturned only if the court determines that its judgment has been exercised in an unreasonable, arbitrary or illegal manner. Florentine v. Darien,142 Conn. 415, 426 (1955). It is the function of the court, upon an appeal, to review the record before the board to determine whether it has acted fairly, or with proper motives upon valid reasons. Willard v. Zoning Board of Appeals, 152 Conn. 247, 248-49
(1964). The plaintiff bears the burden of proving that the board acted improperly. Horvath v. Zoning Board of Appeals, 163 Conn. 609
(1972).
"Under General Statutes sec. 8-6(3), the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to CT Page 8958 the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out of the general purpose of the zoning plan." Adolphson v. Zoning Board of Appeals,205 Conn. 703, 709 (1988).
The record supports a finding by the Board that the granting of the variance at issue would not affect substantially the comprehensive zoning plan. The zoning regulations and zoning map reflect that the lots fronting on Kanungum Trail are in an R3 zone, requiring a minimum lot size of 12,000 square feet. The defendant Smelter's lot has a square footage in excess of 12,000 square feet and the problem arises by virtue of the fact that the rear portion of his lot lies in an R1 zone. The lots on Kanungum Trial in proximity to that of Smelter, at least on the same side of the street, have similar square footage to the subject lot and those which also lie partially in an R1 zone have received a variance.
The Board also had before it a sufficient basis in the record to support a finding of hardship, unnecessary to the carrying out of the general purpose of the zoning plan. The Board stated as its reason for granting the variance that to deny it "would deny him the use of his property." The record reflects that without a variance the defendant Smelter would not be able to utilize the lot in question as a building lot. Certainly that constitutes a hardship. The fact that Kanungum Trial lies in an R3 zone and the similarity in size of the nearby lots, such hardship is unnecessary to the carrying out of the general purpose of the zoning plan.
The plaintiffs argue, however, that the defendant Smelter's hardship is self-created and self-created hardship does not provide a zoning board of appeals with sufficient reason to grant a variance. See Adolphson v. Zoning Board of Appeals, supra, at p. 711. In considering this claim, the record, while not clear, does indicate that the defendant Smelter owned the property, of which the subject parcel was a part, prior to a change in the zoning boundaries, which changed the zone from R5 to R3 and the location of the R1 boundary line.
In light of those circumstances, the record does not compel the conclusion that the hardship was self-created so as to render the Board's action unreasonable, arbitrary or illegal. The Board, in its exercise of discretion, could reasonably conclude that the hardship resulted from the change of zone rather than the defendant Smelter's conduct in configuring his property in light of such change. CT Page 8959
It is the function of the court to review the action of the Board to determine if it acted unreasonably, arbitrarily or illegally. The court may not substitute its discretion for that enjoyed by the Board. Burnham v. Planning and Zoning Commission,189 Conn. 261, 266 (1983). In reviewing the record, the court finds the Board did not act illegally, arbitrarily, or in abuse of its discretion in granting the variance in question.
The plaintiffs' appeal is therefore dismissed.
Thompson, J.