[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant Planning Zoning Commission (Commission) approving a special permit, site plan and excavation permit to Harvey Feldman, d/b/a New England Foods, Inc. to erect a warehouse in an industrial zone, in the town of Vernon, CT Page 9155
As grounds for his appeal, the plaintiff alleges that:
1. the architectural design of the building does not comply with the zoning regulations including style of the building, its relationship to scale in the neighborhood and width and height limitations.
2. the drainage plan would result in water runoff being directed onto the plaintiff's property.
3. the proposed development will result in unreasonable pollution to natural resources including to wetlands and trees in the vicinity.
4. there were defects in the application name and notice making the application and its subsequent approval void.
Standard of Review
In order to prevail in this administrative appeal, the plaintiff must establish that the Commission acted illegally, arbitrarily or in abuse of its discretion. Burnham v. Planning Zoning Commission, 189 Conn. 261 (1983), Spectrum of Connecticut,Inc. v. Planning Zoning Commission, 13 Conn. App. 159, 164
(1988).
In order to justify the granting of a special permit, it must appear from the record that the application complies with applicable zoning regulations. Weigel v. Planning ZoningCommission, 160 Conn. 239, 246 (1971). The record is also reviewable to determine if the Commission acted fairly, or with proper motives, or upon valid reasons. Willard v. Zoning Board ofAppeals, 152 Conn. 247, 248-49 (1964).
The Court cannot substitute its judgment for that of the Commission as to factual findings and conclusions reasonably supported by the record. Housatonic Terminal Corp. v. Planning Zoning Board, 168 Conn. 304, 307 (1975); it is not the Court's function to retry the case. Burnham, supra, at page 265. DeMariav. Planning Zoning Commission, 159 Conn. 534, 541 (1970);Westport v. Norwalk, 167 Conn. 151, 161 (1974).
Aggrievement
The plaintiff testified and submitted documentary evidence to CT Page 9156 show he owns land that abuts or is within a radius of 100' of the property involved in the Commission's decision. He has also demonstrated a specific personal and legal interest in the subject matter of the decision with the possibility that said interest could be adversely affected by the decision. The Court finds the plaintiff to be aggrieved and entitled to bring this action.
Discussion
1. Were the Application and Legal Notices defective?
The application for the special permit was made by Harvey Feldman, dba Avalon, L.L.C. Avalon L.L.C. was not in existence when the application was made, however an entity known as Avalon Land Development Company, L.L.C. was subsequently formed and, after the special permit was granted, the property was transferred to Avalon Land Development, L.L.C.
The commission was aware that the applicant was Harvey Feldman, dba, New England Foods Inc. and paperwork submitted with the application referred to the project as "New England Foods." New England Foods, Inc. was a Connecticut corporation.
Legal notices announcing the public hearing were duly published as required by Connecticut General Statutes § 8-3C. Those notices state the applicant was "Harvey Feldman, dba, New England Foods, Inc. for site plan, special permit and wetlands permit to construct a 20,500 square foot building to be used for warehousing office and associated customer services at 1084-1096 Hartford Tpk."
The legal notice announcing the approval of the application was subsequently published using the identical identifying language.
Feldman is identified as the applicant throughout with the technical difference being that on the non-published application only is the dba stated as "Avalon, L.L.C.", while the notices and all aspects of the hearing used. "New England Foods Inc." as the dba. The principal was always Feldman. The notices clearly contained sufficient information to fairly apprise interested persons of what the proposed project was and their opportunity to protest. Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41,47 (1972); Schwartz v. Town of Hamden, 168 Conn. 8 (1975). CT Page 9157
The plaintiff's argument that, since Avalon, L.L.C. was doing business without having filed a trade name certificate in the town of Vernon it violated Connecticut General Statutes §35-1, is not persuasive. The applicant was Feldman, dba. The public was in no way deceived or misled by this technical, non-jurisdictional, matter.
(New England Foods, Inc. had a contract to purchase the property from Infiniti Graphics, Inc., subject to approval of its building plan, and had authorization from Infiniti Graphics, Inc. to make the necessary applications).
2. Was the architectural design of the building in compliancewith § 21 of the Vernon Zoning Regulations?
The zoning regulations require that an application for a special permit within an industrial zone be submitted to the Design Review Committee for a report to the Commission as to compliance with certain listed architectural standards of the zoning regulations. Specifically, §§ 21.1.2 and 21.1.3 requiring inter alia, that the Commission maintain a high standard of community development that protects the value of all real property in the community and preserves the character of the neighborhood. Section 21.1.3 mandates the Commission to determine if the inappropriateness of poor quality of design in the exterior appearance of buildings erected in a neighborhood may adversely affect the desirability of the immediate area and the neighboring areas for residential, business or other purposes. Section 21.2.1.4. requires the Commission to consider the overall physical appearance of the development and its compatibility with surrounding development and neighborhood. Section 21.2.5 requires consideration of the impact on market value, neighboring properties, the types, styles and colors of building materials, facades, facing and fenestration, and the scale and massing of the proposed structure.
Section 21.5.2 requires the design to be in good scale and in harmonious conformance with permanent neighboring development.
The plaintiff claims the proposed building has an industrial appearance unsuitable for the neighborhood, that its height of 39 feet and massing was out of scale and that it would have an adverse impact on multi-family housing directly cross the street owned by the plaintiff, as well as to some 28 additional acres CT Page 9158 adjacent, also owned by the plaintiff. Some of these issues were also raised at the public hearing by members of the public, an architect hired by the plaintiff and the chair of the Commission.
The proposal was duly submitted to the Vernon Design Review Committee which voted unanimously to approve the design subject to certain conditions and stipulations. The applicant met with the Design Review Committee on three separate occasions and complied with the changes requested including changes to landscaping, changing the color and design of the front of the building, a deeper excavation to lower the overall height of the building and a screening wall. It was noted, that, with respect to massing, the zoning regulations require the building to have a minimum floor area of 19,975 square feet; the proposed building has 20,500 square feet.
The record also shows the Commission had drawings detailing the size and height of the proposed building. These included an architectural drawing and a colored rendering provided by the applicant and a drawing submitted by the plaintiff's expert witness.
A landscape plan was also submitted.
Further, the Commission had testimony as to impact on the market value of adjoining property and made a finding it would not have a negative impact.
And also, there was no evidence in the record that chemicals, toxic or hazardous materials would be stored or disposed of on the property.
From a review of the record it appears the Commission accepted the advice and conclusions of the Design Review Committee as opposed to accepting the arguments advanced by the plaintiff and others opposed to the project.
Local zoning authorities have broad discretion in arriving at their decisions. Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573 (1988).
The record amply shows that the Commission gave considerable thought and attention to the architectural requirements of the zoning regulations. Many changes were required in the original plan to make this building compatible to, and harmonious with, CT Page 9159 the surrounding neighborhood. The Court cannot find the Commission abused its discretion on this issue.
3. Did the drainage plan as approved result in surface water being directed to the plaintiff's property?
The Commission was presented with opposing opinions as to whether stormwater water runoff would drain onto the plaintiff's property. The applicant submitted a plan for proposed drainage which included catch basins, sediment chambers and discharge into a detention basin. The applicant had approval from the Inland Wetlands Commission to install storm sewers within the regulated area. A soil scientist testified as to the adequacy and appropriateness of the proposed drainage system. The town engineer reviewed the drainage plans and approved them as conforming to accepted engineering standards.
The plaintiff proffered testimony from his expert, also a professional soil scientist, that the Commission had insufficient information to properly evaluate the drainage plan and that it appeared to him that water would run from the detention basin to an intermittent stream which then flowed onto the plaintiff's land. The defendant, however, presented evidence that the size of the drainage area would not be increased nor would the quantity of waterflow increase at any one point. If the area of drainage is not added to, no wrong is done. Sisters ofSt. Joseph Corp. v. Atlas Sand, G. S. Co., 120 Conn. 168 (1935).
The Commission was within its discretion in accepting, as more credible, the evidence of the applicants expert and members of the town's staff. The Court cannot substitute its judgment for that of the Commission where there is evidence in the record to support the conclusion reached by the Commission.
4. Does the proposed development unseasonably pollute, impair or destroy the public trust in the air, water or other natural resources of the state (Connecticut General Statutes § 22a-19).
The plaintiff presented two issues in this area to the Commission.
First, he claims the removal of approximately 300 feet of trees removed a natural resource which provide screening, buffering and shade. CT Page 9160
The Commission was presented with a landscaping plan (which had been approved by the Design Review Advisory Committee). That plan did call for the removal of trees but required that evergreens be planted to act as a buffer. There was testimony that the proposed plan would provide a satisfactory buffer.
Again, the record sufficiently shows the clearing of trees was not unreasonable for the project, and steps were taken for appropriate landscaping. The Commission was not required to accept the plaintiff's counter-proposals given the record in this matter.
Second, the plaintiff claims the approved drainage plan would cause unreasonable pollution to wetlands located on his property, v. His expert soil scientist stated he could not say with certainty such pollution would occur, claiming inadequacy of the information presented.
Once again, however, the Commission had testimony that the plan would adequately filter pollutants from stormwater runoff from both the town engineer and the applicants expert soil scientist. It was within the Commission's discretion to determine the reliability of the conflicting testimony and evidence.
Finally, although not briefed, the plaintiff argued to the Court that the Commission approved the application for improper reasons to wit: they were concerned about the favorable economic and tax consequences this business would bring to the town of Vernon, and that overrode their ability to fairly evaluate the application.
While members did comment on the salutary effects of the proposal, there is nothing improper in that.
The record shows the application was approved by two advisory boards, the Traffic Authority and the Design Review Advisory Committee. It also received Inland Wetlands Commission approval. Many changes were proposed and agreed to by the applicant. There were two public hearings with substantial evidence for and against the proposal.
The records shows a full and fair hearing with opportunity to be heard. It shows there was sufficient evidence before the Commission that the application complied with the appropriate CT Page 9161 zoning regulations. The record supports the conclusion that the Commission made an honest judgment after a full hearing, reasonably supported by the record. Westport v. Norwalk,167 Conn. 151, 161 (1974).
The plaintiff has failed to prove the Commission acted illegally, arbitrarily or in abuse of its broad discretion as a local agency.
Accordingly, the appeal is dismissed.
Klaczak, J.