[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought under the provisions of General Statutes § 8-8 from a decision of the Zoning Board of Appeals of the Town of North Stonington (hereinafter the Board) that it had no jurisdiction to consider an appeal from the zoning enforcement officer's (hereinafter the ZEO) failure to act on an application submitted by the plaintiff and in denying the plaintiff's request for a variance. For reasons hereinafter stated the actions of the Board are affirmed.
Section 8-8 limits appeals from decisions of local zoning boards of appeals to parties who are aggrieved by a decision of the board. Here the evidence establishes that the plaintiff is the owner of the property in question and instituted the proceeding before the Board. It is, therefore, found that he is aggrieved within the meaning of § 8-8 and has standing to prosecute this appeal.
All notices required by law have been properly given and timely published.
The record shows that on or about May 7, 1996, plaintiff applied to the ZEO for certification that real property, which he owned, could be used as a year round residence despite the fact that it was in a zone which restricted such use to seasonal occupation. The ZEO returned the application to the plaintiff without acting on the application.
On June 11, 1996, the plaintiff brought the action or non-action of the ZEO before the Board. On the form provided, he described his petition as: CT Page 473
 "Appeal of order denying year round use of the property and the alternative requesting variance of section 407 of the zoning regulations."
In section C of the application, the plaintiff stated the grounds for his appeal and claimed hardship.
 Applicant is appealing the Zoning Enforcement Officer's denial of year round use of the property. The Applicant's lot and dwelling unit existed prior to zoning and meet all the other criteria established by the ZEO for year round use. Most of the properties in the neighborhood are used year round. The denial of year round use is unfair and a hardship to the Applicant, who purchased the property with the understanding that the property could be used year round.
After a public hearing during which the plaintiff and interested parties were heard, the Board issued its decision at a meeting held September 17, 1996. The Board stated its decision as follows:
1. ZEO "failure to Act" is not within the Board's jurisdiction for appeal.
2. Variance request denied.
Plaintiff then appealed this decision under the provisions of General Statutes § 8-8.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board. Burnam v. Planning and Zoning Commission, 189 Conn. 261,265 (1983) The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the Board. The court is limited to granting relief only when it can be shown CT Page 474 that the Board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board,145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnam, supra,189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant Board is taking the action which it did. The court is limited to determining whether or not the Board's action can be supported under the law.
Although the factual and discretionary determinations of the Board must be given considerable weight by the court, it is for the court to expound and apply governing principals of law.Domestic Violence Services of Greater New Haven, Inc. v. FOIC,47 Conn. App. 466, 470 (1998).
Where, as here, the Board fails to state the reasons for its action on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 369 (1988).
 I
The plaintiff claims that the Board did have jurisdiction to decide his appeal from the action, or nonaction of the ZEO, and that it was an abuse of discretion for the Board to decide that it had no jurisdiction.
Following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the Board and the record before the Board. Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 82 (1993).
The basic facts underlying this issue are not in dispute.
The plaintiff acquired title to the property in question at Wyassup Lake on December 14, 1984. At the time of acquisition, a single family residential structure was located on the premises which was thirty-two thousand six hundred-seventy square feet in area. The property was located in an R-80 Seasonal Use Overlay Zoning District. CT Page 475
Section 407 of the Zoning Regulations governed the use of property in the plaintiff's zone.
 407 Seasonal Use Overlay Area. Seasonal use of properties within this overlay area is permitted provided the lots existed before the date of this revision of these Regulations, and the lots and principal structure meet the requirements indicated in Section 502.10 and 503.5. Permitted use is seasonal; that is, occupancy is limited to a maximum of six months in any one year.
Section 502.10 of the Regulations required that seasonal use of properties in the above zone would be permitted provided the property meet certain area, width and setback lines and road frontage on the state highway or town accepted road. Section 503.5 covered building height and area requirements.
At the public hearing there was testimony concerning the rationale behind the seasonal use requirement in the overlay area. The testimony indicated that this zone covered property in close proximity to lakes and ponds. Since there were no public sewers in such areas there was great concern that contaminants from private disposal systems would leach back into the lakes and ponds causing their destruction.
On a number of occasions over the years, persons owning real property within the Seasonal Use Overlay Zones had filed with the ZEO, and his predecessors in office, applications requesting formal approval of their properties for year round use. Successive ZEO's had investigated the merit of these requests and issued certifications of year round use which were recorded in the land records.
By letter dated October 9, 1995, the Planning and Zoning Commission directed the ZEO not to issue any more certifications of year round use. The letter indicates that the Commission was considering establishing a policy and a possible amendment to the Zoning Regulations allowing conversion from seasonal use to year round use.
A review of the record confirms that at no time did the ZEO, or his predecessors in office, have any authority under the Zoning Regulations to issue certification with respect to year round use of property in a zone limiting such property to CT Page 476 seasonal residential use.
On or about May 7, 1996, the plaintiff filed with the ZEO a Zoning Permit Application with a cover letter from his attorney indicating a request for formal approval of his property at Wyassup Lake as a year round residence.
The ZEO returned the plaintiff's application by letter dated May 13, 1996. The letter indicated that the ZEO had been directed not to issue the requested certification. The returned application did not indicate any action by the ZEO the lines indicating "Approved" and "Denied" were left blank and the officer did not sign the permit. The appeal to the Board ensued.
In essence, the ZEO took no action on the plaintiff's request for year round certification. Was this failure to act, under the circumstances of the case, a matter within the jurisdiction of the Board? Or more precisely, did the Board abuse its discretion in deciding that it had no jurisdiction to act in the matter?
The Board derives its jurisdiction from General Statutes § 8-6 and § 207 of the Zoning Regulations. Section 8-6
provides, in pertiment part:
 Sec. 8-6. Powers and duties of board of appeals.
(a) The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter . . .
Section 207 of the Regulations provides, in pertiment part:
 207 Appeals and Variances. As provided in Section 8-6 of the Connecticut General Statutes, any person who claims that there is an error in any order, requirement, or decision made by the Commission or its agents in the enforcement of these Regulations may appeal such action to the Zoning Board of Appeals.
In the present case, the ZEO issued no order, imposed no requirement and made no decision except to return the papers to the plaintiff without action. CT Page 477
Petitioner claims that the ZEO's failure to act was a decision which the Board had power to review. In this argument, he relies principally on Simko v. Ervin, 234 Conn. 498 (1995) andLeo Fedus Sons Construction Co. v. Zoning Board of Appeals,27 Conn. App. 412 (1992), reversed on other grounds 225 Conn. 432
(1993).
In Simko, the defendant had obtained a variance to construct a building. The variance contained a condition that new construction be within the footprint of the building to be removed. Claiming that the new construction exceeded the limits set by the variance, the plaintiff requested that a cease and desist order be issued to prevent further construction. When the zoning enforcement officer denied the request, plaintiffs successfully sought an injunction against the defendant in the Superior Court.
Relying on the settled principal of law that if an adequate administrative remedy exists, such remedy must be exhausted before the Superior Court has jurisdiction to issue an injunction the Supreme Court reversed the trial court. The Supreme Court held that the plaintiff should have exhausted his remedies by appealing first to the Zoning Board of Appeals. In so deciding, the high court pointed out the advantages of requiring the local zoning board of appeals to decide whether the terms of the variance which it had granted had been violated.
Simko rests on an entirely different footing from the case at bar. In Semko, the zoning enforcement officer had a clear duty to enforce the Zoning Regulations and had authority to issue a cease and desist order. In the present case, the ZEO had absolutely no authority to issue the certification requested and he had been instructed not to do so. Also, in Simko, the officer took action. He made an appealable decision by denying the request. In the present case, the ZEO took no action. He simply returned the application.
Fedus involved an application for a writ of mandamus to compel the Zoning Board of Appeals to grant an application for a site plan. In that case, the plaintiff applied to the Planning and Zoning Commission for a site plan for construction of an asphalt plant. The application was denied by the Commission for failure to comply with a regulation and failure to provide requested information. This denial was appealed to the Zoning CT Page 478 Board of Appeals. Subsequently the Commission determined that asphalt plants were not allowed in the town. The Zoning Board of Appeals decided that this determination by the Commission left it without jurisdiction and declined to act on the appeal.
The Appellate Court determined that the Zoning Board of Appeals did have jurisdiction and should have heard the case. LeoFedus Sons Construction Co. v. Zoning Board of Appeals, supra,27 Conn. App. 417; See 225 Conn. 446 n. 9.
The jurisdiction of the Zoning Board of Appeals in Fedus was based upon General Statutes § 8-6 and a zoning regulation similar to § 207 of the North Stonington regulations. In deciding that the Zoning Board of Appeals did have jurisdiction, the Appellate Court concentrated on the word "enforcement" as used in the regulations. The Appellate Court relied upon language in 82 Am.Jur.2d Zoning that regulations may be enforced by a refusal of a building or occupancy permit where the construction or use of the land in question is not in compliance with the pertinent regulations. Relying on this concept, the Appellate Court reasoned the refusal by the Commission to approve Fedus' site plan for an asphalt was an enforcement of the regulations and, therefore, the Zoning Board of Appeals did have jurisdiction under its regulations to hear the appeal.
The reasoning of the Appellate Court in Fedus, however, does not apply to the present case. The North Stonington ZEO was not involved in the enforcement of any regulations. To the contrary, he was asked by the plaintiff to give an advisory opinion which he had no authority to give. When he failed to take action on plaintiff's request, it did not constitute an enforcement of any regulation.
Plaintiff's argument that the ZEO's general authority to enforce the Zoning Regulations under the provisions of Section 200 of the Regulations gave him authority to act is unavailing. In this case he was not being asked to enforce or not enforce any regulation. He was being asked to make a certification which he had no authority to make under the Regulations.
A case which reinforces the conclusion that the ZEO had no authority to act on the plaintiff's request for year round certification is Helbig v. Zoning Commission, 185 Conn. 294
(1981). Plaintiff's request was in effect a request for the ZEO to certify that the plaintiff had a nonconforming use, that is an CT Page 479 existing use which was authorized even though it did not comply with current zoning regulations. Melody v. Zoning Board ofAppeals, 158 Conn. 516, 519 (1969). In Helbig, the municipality, unlike North Stonington, did have, in its zoning regulations, a provision whereby the Zoning Commission could establish the existence of a valid preexisting nonconforming use upon presentment of "sufficient proof as the Zoning Commission may require." After careful analysis, the Supreme Court agreed with the trial court that the regulation was unconstitutional in that it failed to contain ascertainable standards. In the present situation, not only was there a total lack of standards, but also the lack of a regulation to permit the ZEO to take any action on the plaintiff's request.
Under the provisions of General Statutes § 8-6 and § 207 of the Zoning Regulations, jurisdiction of the Board was limited to hearing appeals involving a claim error in "any order, requirement or decision" made by the ZEO in the enforcement of the Regulations. Under the circumstances of this case, where the ZEO took no action, and had no authority to act, it cannot be found that the Board acted arbitrarily or illegally in determining that it had no jurisdiction to consider the claimed error in the ZEO's failure to act.
 II
Plaintiff also contends that the Board acted illegally by denying his request for a variance without first acting on his appeal from the ZEO. In this argument, plaintiff relies on the provisions of General Statutes § 8-6a. General Statutes § 8-6a provides: "Whenever an application to a zoning board of appeals for the grant of a variance is joined with an appeal from any order, requirement or decision made by the official charged with the enforcement of this chapter, or any bylaw, ordinance or regulation adopted under the provisions of this chapter, the board shall first decide the issues presented by such appeal."
As far as it goes, plaintiff is correct in this argument. The language of the statute mandates that where, as here, an applicant seeks both to appeal from the action of the ZEO and to obtain a variance, the appeal must be decided before the variance may be considered. Wneck v. Zoning Board of Appeals,225 Conn. 691, 696 (1993).
Although the plaintiff is correct in his general statement of CT Page 480 the law, under the circumstances of this case it was appropriate for the Board to consider the variance request. Where the Board correctly determined that it had no jurisdiction on the appeal, it could take no further action in the matter and could proceed to consider the variance request.
It could also be found that the Board did follow the dictates of § 8-6a. It first decided the issue presented by the appeal. The decision was that it had no jurisdiction. Having decided this issue, it could then consider the variance request.
Since the Board failed to state its reasons for denying the variance, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board ofAppeals, supra, 206 Conn. 369.
The power of the Board to grant variances must be exercised sparingly and only in exceptional and unusual instances. Makar v.Zoning Board of Appeals, 150 Conn. 391, 394 (1963). Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965). Before the Board could grant the plaintiff's request for a variance it would have to find that the conditions of General Statutes § 8-6 (3) had been established. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 655 (1980).
Plaintiff did not directly address the statutory conditions imposed by § 8-6 (3) before the Board. Consequently, there is precious little evidence in support of a variance.
After a search of the record, it must be found that the Board did not abuse its discretion in failing to grant the variance.
 III
Accordingly, the decision of the Board with respect to appeal of the ZEO's failure to and the denial of the variance is affirmed.
Joseph J. Purtill Judge Trial Referee CT Page 481