[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiff Edward W. Novicki from the action of defendant Zoning Board of Appeals of the Noank Fire District (hereinafter the Board) in denying plaintiff's application for a variance.
For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiff has appealed under the provisions of General Statutes § 8-8
(b) which provides in pertinent part that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." To establish the aggrievement required by statute so as to be entitled to appeal a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Bakelaar v. West Haven, 193 Conn. 59,65 (1984); Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996). CT Page 9429 Here, plaintiff has properly alleged aggrievement and has established it by proof. Evidence indicates that plaintiff was the applicant for the variance which is the subject of this appeal and together with Delberta L. Novicki owned the property at the time of hearing on this appeal. It then must be concluded that plaintiff is aggrieved and has standing to appeal this decision.
No questions have been raised as to any jurisdictional issues. All notices appear to have been properly published and no jurisdictional defects have been noted at any stage in the proceedings.
From the record, it may be concluded that plaintiff is the owner of real property known as Lot 35 on Crosswinds Drive, Noank, Connecticut, and that such property is subject to the Zoning Regulations of the Noank Fire District. On or about March 28, 1999, plaintiff applied to the Board for a variance from the application of § 2.7 of the Zoning regulations. Section 2.7a. concerns height limitations and is as follows:
HEIGHT LIMITATIONS
 a. No main buildings shall be constructed, reconstructed, extended, enlarged, moved or altered in any way so as to be in excess of the height limitations set forth in this section. The maximum height for a building having a flat or mansard roof, including the top of a parapet, shall be 30 feet above grade (as defined in Section 18.2.22). For a building with a gable, hip or gambrel roof, the height of the mean elevation between eaves and ridge shall not exceed 30 feet above grade. In any case, the maximum height shall not exceed 35 feet.
 Section 2.7a. must be read in connection with § 18.2.22 which provides as follows:
 18.2.22 Grade — The lowest point of existing ground adjacent to each wall of a building or structure, or the lowest point of finished ground if an approval has been granted in accordance with Section 15.2 of these regulations permitting an individual to deposit fill on the subject lot.
The effect of these regulations would be to limit any structure which plaintiff erected on Lot 35 to a maximum of 35 feet above grade. In seeking the variance, plaintiff sought to construct a residence with the CT Page 9430 maximum height of 38 feet with 33 feet between the eaves and ridge.
In describing the hardship existing with respect to the property, plaintiff stated that under the present regulations, he would be unable to have a walkout basement because of the height restrictions due to the natural slope of the ground. It was also stated that a walkout basement would allow plaintiff to use one-half of the fill which would be required to comply with the regulations.
The Board held a public hearing on plaintiff's application on May 13, 1999. At this hearing, plaintiff and others testified in favor of the granting of the variance, the public participated in the hearing and letters in opposition to the granting of the variance were read into the record.
On May 20, 1999, the Board held a special meeting to consider the application and after discussion, denied the variance request. The reasons stated for such denial were "(1) topographical conditions cited as a reason for the variance also affected other properties in the area; and (2) lot purchased with knowledge of topography." The Board cited Talmadgev. Zoning Board of Appeals, 141 Conn. 639 (1994), in support of its first reason.
Plaintiff appealed the Board's decision to this court within the time provided by statute.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board.Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion confirmed by the legislature on the Board. The court is limited to granting relief only when it can be shown that the Board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnham, supra, 189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant Board in taking the action which it did. The court is limited to determining whether or not the Board's action can be CT Page 9431 supported under the law.
The action of the Board must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission,173 Conn. 23, 26 (1977).
Here, plaintiff has requested that the Board grant a variance from the strict application of § 2.7 of the zoning regulations covering the height of buildings above grade. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206 (1995).
The Board's authority to vary the application of the zoning regulations is based upon the provisions of General Statutes § 8-6 (3). This statute authorizes the board:
 [T]o determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Section 20.2.2 of the zoning regulations is of the same import and is derived from General Statutes § 8-6.
Variances are, in a sense, the "antithesis of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin, CT Page 9432234 Conn. 498, 505-506 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 429 (1968).
The Board is under no duty to extricate an applicant a self-created hardship. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 44 (1982).
A mere economic hardship is insufficient to justify the granting of a variance. Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662
(1965).
One of plaintiff's arguments was that the steep grade of the subject property made the granting of the variance essential to the construction of a residence on the property. A hardship resulting from the peculiar topography or condition of the land or a particular location what makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance.Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 280 (1957). Here, however, the Board gave as a reason for its denial of the variance that topographic conditions on plaintiff's lot were not unique and affected other properties in the area. The determination of factual issues are matters within the province of the Board. Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729, 732 (1988). There was substantial evidence in the record which would support the conclusion of the Board that plaintiff's property was not the only parcel of land affected by the height regulation.
The second reason advanced by the Board for denial of the variance was that plaintiff purchased the lot with knowledge of the topography. This fact appears to be undisputed.
When plaintiff purchased the property, the topography of the lot was obvious. Due to conditions on the lot, strict adherence to the zoning regulation would require plaintiff to spend more money on fill than he considers necessary and would prevent him from having a walk-in CT Page 9433 basement. An economic hardship is insufficient to justify the granting of a variance. Krejpcio v. Zoning Board of Appeals, supra, 152 Conn. 662. The Board is under no duty to extricate plaintiff from this self-created hardship. Pollard v. Zoning Board of Appeals, supra, 186 Conn. 44.
There are situations such as when applying the regulations to the subject property practically destroys or greatly decreases its value so that a variance is needed to effectively use it. Chevron Oil Co. v.Zoning Board of Appeals, 170 Conn. 146, 151-54 (1976). This situation does not apply here, however. Plaintiff certainly may exercise reasonable use of the property under the regulations.
The granting of variances must be reserved for unusual or exceptional circumstances. Ward v. Zoning Board of Appeals, 153 Conn. 141 (1965). A hardship which simply created a desire to do something which is prohibited by the Regulations is never a proper grounds for granting a variance. See Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 206
(1989), where the Appellate Court determined that a property owner's desire to do something prohibited by the Regulations was a self-created hardship and not sufficient reasons for the granting of a variance.
Accordingly, the decision of the Board appealed from is affirmed.
Joseph J. Purtill Judge Trial Referee